```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

UNITED STATES OF AMERICA,
                                           MEMORANDUM AND ORDER
           - against -                        04-CR-515(KAM)


JORGE IGNACIO FIGUEROA,
                Defendant.

-----------------------------------X
```

KIYO A. MATSUMOTO, United States District Judge:

      Before the court is a motion for compassionate release filed by defendant Jorge Ignacio Figueroa, who is currently serving a life and 262-month sentence at the United States Penitentiary Terra Haute in Terra Haute, Indiana ("USP Terra Haute"), to modify his prison sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Mr. Figueroa moves for a modification on the basis of the global COVID-19 pandemic and his pre-existing medical conditions.  The government opposes the motion.  For the reasons set forth herein, defendant's motion is respectfully DENIED.

## BACKGROUND

      Mr. Figueroa is currently imprisoned pursuant to two separate criminal convictions.  In 1991, defendant pleaded guilty to a four-count indictment in the Eastern District of Pennsylvania, charging him with conspiracy to import and distribute cocaine, importation of cocaine, aiding and abetting

1

the importation of cocaine, and interstate travel in aid of racketeering enterprises. *See United States v. Figueroa*, No. 91-cr-518, 1996 WL 426690, at *1 (E.D. Pa. July 29, 1996). Figueroa admitted to his efforts to "establish Philadelphia as a major port of entry for cocaine of the Cali cartel of Colombia." *Id.*, 1992 WL 301285, at *3. Mr. Figueroa was sentenced to life imprisonment (the "1991 conviction"). *See id.* 91-cr-518, ECF No. 46; *see also United States v. Figueroa*, 8 F.3d 813, 1993 WL 401888, (3d Cir. 1993) (affirming defendant's life sentence).

While serving his life sentence pursuant to the 1991 conviction, defendant continued to coordinate narcotics distributions and, between 2000 and 2003, assisted in importing over 150 kilograms of cocaine into the United States. (*See* Presentence Investigation Report, December 5, 2007 ¶¶ 4, 15.) On October 9, 2007, the defendant pleaded guilty in the Eastern District of New York to this second narcotics conspiracy. (*See* ECF No. 310.) Mr. Figueroa was sentenced by the Honorable David G. Trager to 324 months custody concurrent to his previous life sentence (the "2007 conviction"). (*See* ECF No. 429, Judgment.)

On November 29, 2018, this court resentenced the defendant for this 2007 conviction pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the Sentencing Guidelines, and reduced defendant's sentence from 324 to 262 months

2

imprisonment, with credit for time served since March 7, 2008. (*See* ECF No. 608, Order Granting Motion for Sentence Reduction.)

On January 30, 2019, the court in the Eastern District of Pennsylvania declined to reduce defendant's sentence for the 1991 conviction from life imprisonment to 360 months, after finding that Mr. Figueroa remained a danger to the community and that the 18 U.S.C. § 3553(a) factors mandated continued detention.  (*See* 91-cr-518, ECF No. 76.)  In sum, defendant is currently serving the 262 months of imprisonment imposed by this court for the 2007 conviction concurrent with the life sentence imposed for the 1991 conviction.

On December 9, 2019, the warden of USP Terra Haute denied defendant's request for compassionate release.  On August 14, 2020, the defendant moved for compassionate release in the Eastern District of Pennsylvania in connection with his 1991 conviction.  (*See* 91-cr-518, ECF No. 84.)  The government opposed the defendant's motion.  (*See* 91-cr-518, ECF No. 86.)  On November 4, 2020, the court in the Eastern District of Pennsylvania denied Mr. Figueroa's motion for compassionate release after concluding that "extraordinary reasons do not warrant Figueroa's release, and [that] the 18 U.S.C. § 3553(a) factors counsel against releasing him."  (91-cr-518, ECF No. 90, Memorandum.)

On October 20, 2020, defense counsel filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 635, Motion to Reduce Sentence ("Mot.").)  The government opposed the motion.  (ECF No. 636, Response in Opposition to Motion to Reduce Sentence ("Gov't Br.").)  Counsel for Mr. Figueroa filed a reply to the government's opposition.  (ECF No. 637, Reply to Memorandum in Opposition ("Reply Br.").)

## LEGAL STANDARD

The First Step Act creates an exception to the general prohibition against modifying a term of imprisonment once it has been imposed.  Pursuant to the First Step Act, defendants may move a court to "reduce" a term of imprisonment, which the court may grant "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," upon a finding that "extraordinary and compelling reasons warrant such a reduction[.]"  18 U.S.C. § 3582(c)(1)(A)(i).  The court may only modify a sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*

Congress has delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). The Sentencing Commission has determined that a defendant's circumstances meet the extraordinary and compelling standard, *inter alia*, when the defendant is "suffering from a terminal illness" or a "serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons." U.S.S.G. § 1B1.13(1)(A) & Application Note 1(A), (D). In addition, the Sentencing Commission counsels that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

The Second Circuit recently held that district courts have "discretion to consider whether any reasons are extraordinary and compelling," and that "[n]either Application Note 1(D), nor anything else in the now-outdated version of [U.S. Sentencing Commission] Guideline § 1B1.13, limits the district court's discretion" to do so. *United States v. Brooker*, No. 19-cr-3218, 2020 WL 5739712, at *7 (2d Cir. Sept.

5

25, 2020).¹  A "district court's discretion in this area—as in all sentencing matters—is broad."  *Id.* at *8.  "The only statutory limit on what a court may consider to be extraordinary and compelling is that 'rehabilitation *alone* shall not be considered an extraordinary and compelling reason.'"  *Id.* (quoting 28 U.S.C. § 994(t) (emphasis in original, alterations omitted)).

"The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute." *United States v. Schultz*, 2020 WL 2764193, at *2 (W.D.N.Y. May 28, 2020) (citing *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020)).  "Even if a defendant carries this burden, district courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction."  *United States v. Cato*, No. 16-cr-326 (ARR), 2020 WL 5709177, at *3 (E.D.N.Y. Sept. 24, 2020) (internal quotation marks omitted).

## DISCUSSION

As an initial matter, the government does not dispute that Mr. Figueroa's motion is ripe for adjudication because he filed the motion more than 30 days after filing an application

---

¹ The government argues that *United States v. Brooker* was "wrongly decided," and that the First Step Act did not "purport to expand the basis for compassionate release beyond the categories identified by the Sentencing Commission in" the Guidelines.  (Gov't Br. at 5 n.2.)  The government is entitled to make its argument, but that argument was rejected by the Second Circuit, and this court is bound to apply Second Circuit law.

6

with the USP Terra Haute warden. 18 U.S.C. § 3582(c)(1)(A). The question before the court, therefore, is whether Mr. Figueroa has shown "extraordinary and compelling reasons" that would warrant a reduction of his custodial sentence, after "considering the factors set forth in section 3553(a) to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(1)(A)(i).

Mr. Figueroa argues that the global COVID-19 pandemic, combined with his medical conditions and "commendable efforts at rehabilitation," present "extraordinary and compelling" reasons warranting a modification of his custodial sentence. (Mot. at 2-3.)

I. **Mr. Figueroa's Medical Condition and COVID-19**

According to defendant's Bureau of Prison ("BOP") medical records, defendant, who is 61 years old, suffers from hypertension, glaucoma, obesity, and is a survivor of thyroid cancer. Although Figueroa continues to receive medicine for hyperthyroidism, he has been cancer-free since 1995. Defendant's medical records confirm that he is mildly obese and has elevated blood pressure but reveal no other active health concerns or issues.

The court concludes that defendant failed to identify "extraordinary and compelling reasons" for his release because he does not suffer from a terminal illness and offers no proof

7

that he has any medical condition that "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility" and is a condition "from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 & Application Note 1.

Defendant's medical conditions do not present compelling reasons favoring compassionate release. As described above, defendant actively suffers from hypertension and mild obesity. These conditions, alone, are insufficient to warrant a sentence modification. To be sure, the Centers for Disease Control ("CDC") and Prevention report that there is "consistent evidence" that obesity "put[s] individuals at increased risk for severe illness from COVID-19" and "mixed evidence" that high blood pressure does so. *See* Coronavirus Disease 2019, Your Health, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html ("CDC Prevention Report") (last visited November 14, 2020). Further, defendant's medical records confirm that as of March 27, 2020, Mr. Figueroa's hypertension had "improved but [was] still sub-optimal[ly] control[led]." Thus, Mr. Figueroa's hypertension, like his mild obesity, is not a condition that "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, Application Note 1.

8

Nor does Mr. Figueroa show that he "is not expected to recover" from these medical conditions. *Id.* Finally, Mr. Figueroa's age at 61 years old does not present an extraordinary or compelling reason to justify his compassionate release.[2]

For the reasons set forth above, the court concludes that Mr. Figueroa's medical conditions do not justify the reduction of his federal sentence. Mr. Figueroa does not suggest that he has been unable to manage any medical condition he may have, or that the BOP has neglected his care. *See, e.g.*, *United States v. Brady*, No. 18-cr-316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (acknowledging serious nature of defendant's medical conditions but denying compassionate release where conditions stable and managed in BOP facility); *United States v. Garcia*, No. 18-cr-802 (CM), 2020 WL 2468091, at *5-6 (S.D.N.Y. May 13, 2020) (denying compassionate release to defendant with asthma, hypertension, and heart conditions housed in facility with 40 documented cases of COVID-19). Thus, the court concludes that the risks that Mr. Figueroa may face from an infection with COVID-19 do not amount to an

---

[2] The court also concludes that defendant's history of thyroid cancer does not present a compelling reason justifying release because Mr. Figueroa does not actively suffer from cancer, which has been recognized as condition that increases a person's risk of illness from COVID-19. *See* CDC Prevention Report.

extraordinary and compelling reason for granting compassionate release.

The court also notes that the number of COVID-19 cases at USP Terra Haute has been relatively small. Currently, three inmates and zero staff members at USP Terra Haute have an active case of COVID-19.[3] Eighty-nine inmates have recovered from the virus and there have been two COVID-19 related inmate deaths as of October 29, 2020. (Gov't Br. at 4.) Inmates with active infections are in placed in isolation while they recover. (*Id.*) In light of these infections, Mr. Figueroa argues that he "might be the next to die from COVID-19 while incarcerated at USP Terre Haute." (Mot. at 3.) Though the court sympathizes with Mr. Figueroa's understandable fear of the virus, the COVID-19 rates at USP Terre Haute do not establish that the BOP is unable to prevent or contain any future outbreaks of the virus. Indeed, the fact that eighty-nine inmates have recovered from the virus and that there has been a decrease of active cases reported among inmates since Mr. Figueroa filed his motion on October 20, 2020 (Mot. at 3 (noting eleven active cases among inmates)), support this court's conclusion that BOP is capable of managing the spread of COVID-19 and able to handle the medical needs of its inmates at USP Terra Haute.

---

[3]  *See* COVID-19 Cases, Federal Bureau of Prisons, *available at* https://www.bop.gov/coronavirus/index.jsp (last accessed Nov. 23, 2020).

10

The court is concerned for all inmates and respects the challenges of incarceration during an unprecedented global pandemic, but the court can only modify a sentence if "extraordinary and compelling reasons" are presented. Although Mr. Figueroa has several medical conditions, he failed to demonstrate "extraordinary and compelling reasons" arising from his health or the conditions at USP Terra Haute, weighing in favor of his sentence reduction.

## II. The Section 3553(a) Factors

Even if extraordinary and compelling reasons existed, the Section 3553(a) factors counsel against reducing Mr. Figueroa's sentence. In assessing a motion for compassionate release, the court must also give consideration to the relevant sentencing factors set forth in Section 3553(a), which include, *inter alia*: "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed . . . to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(1)-(2).

Counsel for Mr. Figueroa highlights admirable achievements Mr. Figueroa has obtained since his incarceration: defendant has "availed himself of any and every educational program possible" while incarcerated; has maintained employment and served as a peer instructor; and has "worked hard" and

11

remains "committed to full rehabilitation." (Mot. at 4-5.) The court recognizes these achievements and commends Mr. Figueroa on his active commitment to rehabilitation.

Notwithstanding his commendable achievements, the court concludes that granting Mr. Figueroa's sentence reduction now, after he has served roughly 151 months of his 262-month sentence, would not "promote respect for the law," nor "provide just punishment for the offense[s.]" 18 U.S.C. § 3553(a)(2)(A). Mr. Figueroa admitted to committing "a serious crime while already serving time for a similar crime." (Reply Br. at 2.) The court agrees that the nature and circumstances of Mr. Figueroa's offenses were serious. Moreover, defendant's conviction for participating in a large-scale narcotics conspiracy while incarcerated undermines Mr. Figueroa's claim that he will not pose a danger to the community if released.

The court is hopeful that Mr. Figueroa will continue to serve as a model inmate at USP Terra Haute and embrace his commitment to full rehabilitation. Nonetheless, the court must consider whether granting defendant's application would promote respect for the law and provide just punishment, and concludes that it would not. Moreover, the court must consider the dangers to the community and finds that Mr. Figueroa's crimes in two separate jurisdictions for serious narcotics offenses were serious. Accordingly, the sentencing factors set forth in

Section 3553(a), which the court considered at the time of sentencing as warranting a custodial sentence of 262 months, do not warrant a reduction in sentence at this time.

## CONCLUSION

For the foregoing reasons, Mr. Figueroa's motion is respectfully DENIED. Mr. Figueroa has not made a showing of "extraordinary and compelling reasons" warranting a modification of his sentence, nor do the statutory sentencing factors weigh in favor of a modification.

SO ORDERED.

Dated:     Brooklyn, New York
           November 23, 2020

                                        _____/s/___     __ _____
                                        Hon. Kiyo A. Matsumoto
                                        United States District Judge
                                        Eastern District of New York

13